IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE GLEN SCHMIDT | § § § | |
| Petitioner, | § § | |
| VS. | § § | NO. 3-05-CV-1449-P |
| DAN JOSLIN, Warden, FCI-Seagoville | § § § | |
| Respondent. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lonnie Glen Schmidt, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be summarily denied.

I.

On January 23, 2003, petitioner was found in contempt of court by a federal district judge in the Northern District of Texas for failing to turn over assets to a court-appointed receiver and for failing to appear at a show cause hearing. The order of contempt provides, in pertinent part:

> Lonnie Glenn Schmidt shall be remanded into the custody of the United States Marshal and taken to the detainment facility located nearest to the Dallas Division of the United States District Court for the Northern District of Texas and there remain incarcerated until such time as he turns over to the Receiver the sum of $282,405 as required by the Order Re: Petition No. 14 or otherwise provides evidence of the disposition of such finds and insufficient assets to comply with Order Re: Petition No. 14.

*See SEC v. Resource Development Int'l, LLC*, No. 3-02-CV-0605-R, or. at 3-4 (N.D. Tex. Jan. 23, 2003). On July 7, 2005, more than two years after the contempt order was issued, petitioner was

arrested by United States marshals in Fresno, California. He was subsequently transported to a federal detention center in the Northern District of Texas where he remains incarcerated.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Although the precise nature of his claims are difficult to decipher, it appears that petitioner contends that he was arrested without a warrant and taken before a district court that lacked authority to enforce the contempt order.

II.

The contempt order against petitioner was issued in a civil proceeding and therefore is governed by the federal rules of civil procedure. Fed. R. Civ. P. 4.1(b) provides:

> An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

FED. R. CIV. P. 4.1(b). Petitioner was arrested by United States marshals pursuant to an order holding him in contempt of court and remanding him to custody until he turns over certain assets or proves a present inability to do so. Because the underlying case involves alleged violations of federal securities laws, the contempt order was issued to "enforce the laws of the United States" and can be enforced in any district. *See SEC v. Resource Development Int'l, LLC*, 86 Fed.Appx. 14, 2003 WL 23021933 (5th Cir. Dec. 23, 2003). Petitioner's claims are without merit and should be dismissed as frivolous.[1]

---

[1] Of course, petitioner may purge himself of contempt by delivering $282,405 to the receiver or by proving his present inability to comply with the contempt order. *See United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE